IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZANI STANISSIS, INDIVIDUALLY and AS REPRESENTATIVE OF THE ESTATE OF HER HUSBAND, CAVIN STANISSIS, et al., | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § § | Civil Action No. 3:14-CV-2736-D |
| DYNCORP INTERNATIONAL LLC, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants move the court to stay discovery pending resolution of their motions to dismiss.[1] The court denies the motion.[2]

Each defendant has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and Rule 9(b). These motions have recently become ripe and are pending. Defendants jointly move

---

[1] Defendants have also filed a December 12, 2014 motion for leave to file a supplement to their motion to stay. The court grants the motion to supplement, and it has considered the supplement in making this decision.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

the court to stay all scheduling deadlines, including initial disclosures[3] and discovery, pending the court's ruling on their motions to dismiss.

"The Court 'has broad discretion and inherent power to stay discovery' while a motion to dismiss is pending." *Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, P.C.*, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). "Such a stay is not, however, automatically granted whenever a motion to dismiss is pending." *N. Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC*, 2011 WL 4571727, at *2 (W.D. Pa. July 13, 2011) (quoting *Weeks v. Leeward Islands Apothecaries, L.L.C.*, 2010 U.S. Dist. LEXIS 52637 (D.V.I. May 26, 2010)).

Without suggesting a view on the merits of defendants' pending motions to dismiss, even if the court grants the motions, it will permit plaintiffs to replead. *See, e.g., Shah v. Univ. of Tex. Sw. Med. Sch.*, ___ F.Supp.3d ___, 2014 WL 5326658, at *20 (N.D. Tex. Oct. 20, 2014) (Fitzwater, C.J.) ("Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give [the plaintiff] an opportunity to amend his complaint.") (citing *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Am. Airlines, Inc.,*

---

[3]Defendants' objections to making initial disclosures under Rule 26(a)(1) have been referred to the magistrate judge.

*Privacy Litig.*, 370 F.Supp.2d at 567-68.  And plaintiffs are often able to state plausible claims for relief once the court identifies the defects in their pleadings and permits them to amend.  S*ee, e.g., Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (after twice granting motions to dismiss, concluding that plaintiff's second amended complaint stated claim on which relief could be granted).  The court declines in the exercise of its broad discretion to stay all scheduling and preclude all discovery in this case during the time it will take to decide the instant motions to dismiss and (if applicable) any motions addressed to amended pleadings.

    Accordingly, without suggesting a view on the merits of defendants' pending motions to dismiss, or on whether plaintiffs will be able in an amended pleading to state a claim on which relief can be granted, the court denies defendants' October 17, 2014 motion to stay pending resolution of motions to dismiss.

    **SO ORDERED**.

    December 17, 2014.

                                      _____
                                      SIDNEY A. FITZWATER
                                      UNITED STATES DISTRICT JUDGE