IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZANI STANISSIS, INDIVIDUALLY and AS REPRESENTATIVE OF THE ESTATE OF HER HUSBAND, CAVIN STANISSIS, et al., | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § § | Civil Action No. 3:14-CV-2736-D (Consolidated with Civil Action No. 3:15- CV-2026-D) |
| DYNCORP INTERNATIONAL LLC, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants object to the magistrate judge's September 8, 2015 order denying defendants' July 24, 2015 motion to compel plaintiffs' depositions in this district and ordering that the depositions of plaintiffs—each of whom is a citizen of the Republic of South Africa—be taken during defendants' upcoming, scheduled trip to South Africa to conduct discovery from third party witnesses. Concluding that the magistrate judge did not abuse her discretion in denying the motion and ordering that the depositions be conducted in South Africa at plaintiffs' expense, the court affirms the magistrate judge's order.

I

Because the magistrate judge's order involves a nondispositive matter (a discovery ruling), defendants' objections are governed by Fed. R. Civ. P. 72(a), which provides, in pertinent part, that "[t]he district judge . . . must . . . modify or set aside any part of the

[magistrate judge's] order that is clearly erroneous or is contrary to law." Rule 72(a). "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.)) (internal quotation marks omitted). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks and brackets omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id.* (citing *Smith*, 154 F.R.D. at 665). "[T]he abuse of discretion standard governs review of that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration and ellipsis in original) (internal quotation marks omitted).

The court reviews the magistrate judge's discovery decision under the abuse of

discretion standard, and it does not substitute its own judgment for that of the magistrate judge. *See Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) ( Fitzwater, C.J.) ("And in matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge."); *see also Hoffman v. L&M Arts*, 2013 WL 655014, at *2 (N.D. Tex. Feb. 21, 2013) (Fitzwater, C.J.) (reviewing discovery decision for abuse of discretion).

## II

Defendants filed a motion to compel plaintiffs' depositions to be taken in this district. The court referred the motion to the magistrate judge.  The magistrate judge denied the motion and ordered that plaintiffs' depositions be taken, at plaintiffs' expense, during defendants' upcoming, scheduled trip to South Africa.  Defendants object to the order on several grounds, contending that the magistrate judge committed legal error, based her decision on clearly erroneous fact findings, and abused her discretion.

"It is well settled that the district court has great discretion in designating the location of taking a deposition[.]" *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975) (citing *Terry v. Modern Woodmen of Am.*, 57 F.R.D. 141 (W.D. Mo. 1972)); *see also In re Petition of Boehringer Ingelheim Pharm., Inc., & Boehringer Ingelheim Int'l GmbH, in Pradaxa (Dabigatran Etexilate) Products Liab. Litig.*, 745 F.3d 216, 221 (7th Cir. 2014) ("[D]istrict courts managing civil cases have extensive discretion over the locations of depositions."). Although courts have required that plaintiffs appear for depositions in the forum in which

- 3 -

they filed suit, there is not an invariable requirement that a plaintiff's deposition be conducted in the forum in which suit is filed. Instead, the court can order that the deposition be taken outside the forum district when the plaintiff demonstrates good cause.

> Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition. But *this is at best a general rule*, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending. For example, the examination has been ordered held elsewhere when plaintiff was physically and financially unable to come to the forum, when to do so would cause hardship to the plaintiff, and when it would be simpler and fairer to take his or her deposition at his or her place of residence.

8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2112, at 527-30 (3d ed. 2010) (emphasis added) (footnotes omitted).

The magistrate judge did not use the words "good cause" in her order, but it is apparent that she applied a good cause standard in making her decision. To understand why, it is necessary to begin with plaintiffs' response to defendants' motion to compel. In their response, plaintiffs recognized that, although a plaintiff is required to appear in the forum of the lawsuit, the court maintains considerable discretion in determining the place of a deposition, and the party seeking protection must establish good cause for such relief. Plaintiffs then offered several reasons for contending that there was good cause to take their depositions in South Africa in person or via video conference. Among the grounds on which they relied were these:

(1) [a] substantial number of depositions (including treating physicians and other third parties) is already to be completed in South Africa, and Plaintiffs' depositions could be readily completed in person in conjunction with, before, or after this discovery to be completed in the near future (or by oft-utilized videoconference technology, if necessary)[,]

Ps. Resp. 3 (number added); (2) deposing plaintiffs in South Africa would allow for more "timely" discovery than would defendants' demand of "a separate trip by each Plaintiff (at substantial expense) to appear in person in Dallas separately for deposition," *id.* at 2; (3) holding the depositions in Dallas would impose "unduly burdensome travel expense" on plaintiffs who all "reside in the Republic of South Africa and have suffered significant disabilities that still remain uncompensated due to [defendants'] misconduct," *id.* at 3-4; (4) "Defendants' counsel at each deposition to date do not routinely practice in the Northern District of Texas, and so discovery in Dallas has necessitated travel by Defendants' counsel as a matter of course," *id.* at 2 n.1; (5) "Defendant[s'] burden to travel to South Africa is minimal because [their] attorneys will already be in South Africa," *id.* at 4; (6) because defendants recruit overseas employees such as plaintiffs, defendants should have "reasonably anticipated" that discovery (including overseas depositions) might take place overseas, *id.* at 5; and (7) "permitting each Plaintiff to appear via video conference would substantially reduce the physical toll of travel[ing] for the twenty-one Plaintiffs from South Africa to Dallas, Texas," *id.* at 6.

In denying defendants' motion to compel and accepting at least some of plaintiffs' grounds, the magistrate judge reasoned:

- 5 -

> [u]pon analysis, the Court concludes that the depositions of Plaintiffs should take place during Defendants' scheduled trip to the Republic of South Africa in October. Plaintiffs' depositions could be readily completed in conjunction with, before, or after the scheduled discovery is to be completed. However, Plaintiffs shall be responsible for any *reasonable* expenses incurred by Defendants in deposing Plaintiffs during their already scheduled trip to South Africa, rather than in Dallas.

*Stanissis v. DynCorp Int'l LLC*, No. 3:14-CV-2736-D, at *3 (N.D. Tex. Sept. 8, 2015) (Toliver, J.). The magistrate judge's analysis demonstrates that she must have considered and relied on grounds that plaintiffs presented in their response to establish good cause to conduct their depositions in South Africa during defendants' upcoming, scheduled trip. She essentially weighed the burdens that plaintiffs had presented against the fact that defendants were already planning to travel to South Africa to conduct third party discovery. The magistrate judge did not abuse her "great discretion in designating the location of taking a deposition[.]" *Thompson*, 523 F.2d at 648.

\*   \*   \*

For the reasons explained, the magistrate judge's September 8, 2015 order is AFFIRMED.

September 23, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE