IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZANI STANISSIS, INDIVIDUALLY and AS REPRESENTATIVE OF THE ESTATE OF HER HUSBAND, CAVIN STANISSIS, et al., | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § § | Civil Action No. 3:14-CV-2736-D (Consolidated with Civil Action No. 3:15-CV-2026-D) |
| DYNCORP INTERNATIONAL LLC, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant DynCorp International LLC ("DynCorp") moves the court to clarify that its decision in *Stanissis v. Dyncorp International LLC*, 2015 WL 9478184 (N.D. Tex. Dec. 29, 2015) (Fitzwater, J.) ("*Stanissis II*"), which addressed DynCorp's motion to dismiss, applies to the claims of plaintiff Adriano Manuel ("Manuel"). Although the parties appear to agree that the reasoning in *Stanissis II* applies to Manuel's claims, they disagree about whether *Stanissis II* requires dismissal of his claims for fraud and fraudulent inducement.[1]

---

[1] The motion is entitled a partial consent motion to clarify the December 29, 2015 order granting, in part, its motion to dismiss. According to the certificate of conference, plaintiffs partially consent to the relief requested. They consent to the dismissal of Manuel's claims for violations of the Racketeer Influenced and Corrupt Organizations Act, violations of the Texas Deceptive Trade Practices-Consumer Protection Act, and negligent misrepresentation, as well as his punitive damages cause of action (but not the requested remedy). Plaintiffs do not consent to the dismissal of Manuel's claims for fraud and fraudulent inducement.

For the reasons that follow, the court denies the motion to clarify, but it addresses DynCorp's motion to dismiss with respect to Manuel's complaint to the extent it is addressed in DynCorp's motion to clarify. The court grants in part and denies in part the motion to dismiss, and it grants Manuel leave to replead.

I

Because the relevant background facts are set out in *Stanissis v. Dyncorp International LLC*, 2015 WL 1931417, at *1-2 (N.D. Tex. Apr. 29, 2015) (Fitzwater, J.) ("*Stanissis I*"), and *Stanissis II*, 2015 WL 9478184, at *1-2, the court will limit its discussion to what is necessary to understand today's decision. Almost one year after the Original Plaintiffs[2] filed this action, Manuel filed suit against DynCorp in a separate action—*Manuel v. DynCorp International LLC*, No. 3:15-CV-2026-D (N.D. Tex. filed June 15, 2015). These cases were consolidated on August 13, 2015 under the caption *Stanissis v. Dyncorp International LLC*, No. 3:14-CV-2736-D (N.D. Tex. filed July 30, 2014). Before the cases were consolidated, DynCorp moved under Fed. R. Civ. P. 12(b)(6) and 9(b) to dismiss the Original Plaintiff's second amended complaint and Manuel's complaint.

In their second amended complaint, the Original Plaintiffs allege claims against DynCorp for violations of the Racketeer Influenced and Corrupt Organizations Act

---

[2]The Original Plaintiffs are Zani Stanissis, individually and as representative of the estate of her husband, Cavin Stanissis, Leon Botha, Andre Cronje, Johanna M. Cronje, Jaco Botes, Henry Bredenkamp, Dean Capazorio, Gideon Delport, Stefanus Du Preez, Carel Fourie, Gert Hitzeroth, Arnoldus Kieser, George Kieser, Catharina Louw, Gerard Merrick, Christiaan Oosthuizen, Hady'n Potgieter, Danie Rademeyer, Chris Badenhorst, and Johann Steenberg.

("RICO"), 18 U.S.C. §§ 1961-1968, and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2011), and common law claims for breach of contract, breach of the duty of good faith and fair dealing, punitive damages, fraud, fraudulent inducement, promissory estoppel, and negligent misrepresentation.[3]  Manuel asserts these same causes of action against DynCorp in his complaint.

In *Stanissis II* the court granted in part and denied in part DynCorp's motion to dismiss. *See Stanissis II*, 2015 WL 9478184, at *22.[4]  The court dismissed all Original Plaintiffs' civil RICO claims, DTPA claims, claims for punitive damages (but not their requested remedy of punitive damages), and negligent misrepresentation claims. *See id.* *21. It also dismissed some of the Original Plaintiffs' claims for fraud and fraudulent inducement, and the claims of two Original Plaintiffs for breach of the duty of good faith and fair dealing. *Id.*

DynCorp now moves the court to clarify that its decision in *Stanissis II* applies to Manuel's claims and that some of his claims—for RICO violations, DTPA violations, fraud, fraudulent inducement, negligent misrepresentation, and punitive damages—are dismissed

---

[3]Plaintiff George Kieser ("G. Kieser") also asserts a claim against Midlands Claim Administrators, Inc. ("Midlands") for negligent misrepresentation.

[4]The court also granted Midlands' motion to dismiss under Rules 9(b) and 12(b)(6), dismissed G. Kieser's negligent misrepresentation claim against Midlands, and dismissed with prejudice the action against Midlands. *See Stanissis II*, 2015 WL 9478184, at *21-22.

with prejudice for failure to state a claim.[5] DynCorp further asserts that Manuel consents, except as to his fraud and fraudulent inducement claims, to the requested relief.[6] Manuel has not responded to DynCorp's motion.

II

In *Stanissis II* the court did not address Manuel's complaint. This was due both to DynCorp's failure to sufficiently address Manuel's complaint in its motion to dismiss and to the procedural posture of this case. In DynCorp's brief in support of its motion to dismiss, it mentioned Manuel's complaint only once, asserting that it "mirrors the allegations, exhibits and causes of action in the second amended complaint," D. Br. 1, and adding in a footnote at the end of that sentence:

> Given the duplicative allegations and causes of action, and assuming that by the time this motion to dismiss is fully briefed [Manuel] will be an added Plaintiff in the *Stanissis* case, for purposes of this motion to dismiss, [DynCorp] will reference the second amended complaint to also include the complaint filed by [Manuel].

*Id.* at 1 n.1. Although throughout its brief DynCorp cited specific paragraphs in the Original Plaintiffs' second amended complaint, it never cited Manuel's 80-page complaint. And in its reply brief, DynCorp addressed only the second amended complaint and the Original Plaintiffs' response to its motion to dismiss, filed before the case was consolidated. In fact,

---

[5]DynCorp does not assert that Manuel's claims for breach of contract, breach of the duty of good faith and fair dealing, and promissory estoppel should be dismissed. The court therefore does not address these claims.

[6]*See supra* note 1.

the first sentence of its reply states: "In its opening brief, [DynCorp] demonstrated that the Second Amended Complaint, like its earlier iteration, must be dismissed." D. Reply 1. DynCorp does not even mention in its reply brief that Manuel did not respond to its motion to dismiss.

DynCorp's brief in support of its motion to clarify, however, cites specific paragraphs, and discusses specific allegations, in Manuel's complaint. And just as Manuel failed to respond to DynCorp's motion to dismiss, he has failed to respond to DynCorp's motion to clarify. Accordingly, after considering DynCorp's motion to clarify and the procedural posture of this case, the court will now address DynCorp's motion to dismiss Manuel's complaint to the extent that DynCorp's motion to dismiss is addressed in its motion to clarify, i.e., to the extent that Manuel has had fair notice, and an opportunity to respond, to the grounds for dismissal set out in the motion to clarify.

III

A

DynCorp asserts that Manuel consents that *Stanissis II* mandates dismissal of his claims for RICO violations, DTPA violations, negligent misrepresentation, and punitive damages (but not his requested remedy of punitive damages), but that he does not consent to dismissal of his claims for fraud and fraudulent inducement. As evidence of this consent, DynCorp points to the Certificate of Conference attached to its motion to clarify.[7] The court

---

[7]The Certificate of Conference states:

therefore assumes *arguendo* that, applying the reasoning of *Stanissis II*, Manuel's claims for RICO violations, DTPA violations, negligent misrepresentation, and punitive damages (but not his requested remedy of punitive damages) should be dismissed under Rules 12(b)(6) and 9(b).

Accordingly, these claims are dismissed with prejudice.

B

Regarding Manuel's fraud claim, DynCorp maintains that the complaint fails to plead fraud with the specificity that Rule 9(b) requires, entitling it to a dismissal under Rule 12(b)(6). DynCorp points out that Manuel asserts that his allegations of fraud are similar to those of the Original Plaintiffs whose fraud claims were not dismissed in *Stanissis II*, and that Manuel maintains that, even if the court concludes that this claim should be dismissed, he should be granted leave to amend his claim.

---

> I hereby certify that between May 4, 2016 and May 12, 2016, counsel for [DynCorp] conferred with counsel for Plaintiffs regarding the subject matter of this Motion[.] Plaintiffs have given their partial consent to the relief requested herein. Specifically, Plaintiffs consent to the dismissal of [Manuel]'s claims for RICO violations, DTPA violations, and negligent misrepresentation, as well as his punitive damages cause of action (but not requested remedy).
>
> Plaintiffs do not consent to the dismissal of [Manuel]'s claim for fraud and fraudulent inducement.

D. Mot. to Clarify 3 (parenthesis in original).

1

"[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir. 2008) (citations omitted). "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013)). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Benchmark Elecs.*, 343 F.3d at 724) (internal quotation marks omitted). More colloquially, plaintiffs must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Because Rule 9(b) must be "read in conjunction with [Rule] 8 which requires only a short and plain statement of the claim showing that the pleader is entitled to relief," "punctilious pleading detail" is not required. *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.) (quoting *Landry v. Air Lines Pilots Ass'n Int'l AFL–CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990)) (internal quotation marks omitted). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the

opportunity to search out actionable wrongs." *Garcia v. Boyar & Miller, P.C.*, 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (quoting *FDIC v. Gaubert*, No. 3-90-1196-D, slip op. at 7 (N.D. Tex. Sept. 4, 1990) (Fitzwater, J.)).

2

The Original Plaintiffs assert that DynCorp made four material, false representations. *See Stanissis II*, 2015 WL 9478184, at *14. First, they posit that DynCorp misrepresented that they would be covered for disability benefits if they worked for DynCorp in Iraq or Afghanistan. *Id.* Manuel also makes this allegation, pleading that, after April 5, 2004, he flew to Iraq, and at the Gardenia Hotel, a Human Resources ("HR") employee from DynCorp told him that he would receive the disability coverage provided in Attachment A.[8] Thus Manuel has pleaded all the particulars required by Rule 9(b)—the date (after April 5, 2004), place (Gardenia Hotel in Iraq), and content (the disability coverage provided in Attachment A) of the misrepresentation, as well as the identity of the person making the misrepresentation (DynCorp HR employee), and what he obtained thereby (Manuel's signing his employment contract). *See Benchmark Elecs.*, 343 F.3d at 724; *see also Stanissis II*, 2015 WL 9478184, at *14.

---

[8]Manuel also asserts that he "received a letter on April 5, 2004, stating that if he accepted the claim he would be 'eligible for the [Lloyd's] attachment A benefits package[.]'" Compl. ¶ 18. He fails to satisfy Rule 9(b) with respect to this misrepresentation because he does not plead the identity of the person making the misrepresentation. *See Stanissis II*, 2015 WL 9478184, at *14 (holding that one Original Plaintiff failed to satisfy Rule 9(b) with respect to this misrepresentation because he did not plead the identity of the person making the misrepresentation to him).

Second, the Original Plaintiffs allege that DynCorp repeated this misrepresentation—that they would be covered for disability benefits—during their employment. *See Stanissis II*, 2015 WL 9478184, at *14. It is not clear whether Manuel alleges that DynCorp repeated this misrepresentation to him during his employment. But even if he is making this allegation, he has not satisfied Rule 9(b) because he fails to allege what the person making the misrepresentation obtained thereby. *See id.* (holding that all Original Plaintiffs, except one, did not satisfy Rule 9(b) with respect to this misrepresentation).

Third, the Original Plaintiffs allege that, after they suffered disabling injuries, DynCorp misrepresented that Lloyd's and CIGNA provided their insurance. *See id.* Manuel also makes this allegation, asserting that, "[d]ue to misrepresentations by [DynCorp]'s representatives, [his] claim was transferred to the Lloyd's policy rather than DynCorp's own plan." Compl. ¶ 21. Manuel fails, however, to allege the content of the misrepresentation. *See Stanissis II*, 2015 WL 9478184, at *14 (holding that some Original Plaintiffs did not satisfy Rule 9(b) with respect to this misrepresentation because "they [did] not allege the content of the misrepresentation"—that is, they "allege[d] that, due to misrepresentations by DynCorp's representatives, [some of them] were required to fill out forms with Lloyd's rather than their proper insurer, DynCorp, and [others] were led to believe that CIGNA was their disability insurer").

Fourth, the Original Plaintiffs allege that DynCorp misrepresented that they did not qualify for disability benefits. *See id.* Although Manuel makes this allegation, he fails to

- 9 -

plead a plausible claim because he "do[es] not allege that anyone working for DynCorp ever told [him] that [he] did not qualify for disability benefits or had a duty to disclose such information." *Id.* (citing *Twombly*, 550 U.S. at 570 (holding that to survive motion to dismiss under Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face")). Manuel alleges only that Lloyd's denied his claim, but he does not assert that Lloyd's was an agent of DynCorp. *See id.*

Manuel has therefore satisfied the requirements of Rules 8 and 9(b) with respect to the first alleged misrepresentation—that he would be covered by disability insurance—but not as to any other alleged misrepresentation. In its motion to clarify, DynCorp does not challenge Manuel's allegations of fraud on any other ground except that the complaint fails to plead fraud with the specificity that Rules 8 and 9(b) require. The court therefore does not address whether Manuel's complaint sufficiently alleges the required elements of a fraud claim. *See id.* at *13 (describing six elements of common law fraud in Texas).

Accordingly, DynCorp's motion to dismiss with respect to Manuel's fraud claim is granted in part and denied in part. The motion is denied to the extent that Manuel relies on the first alleged misrepresentation, and it is granted to the extent that he relies on any other alleged misrepresentation.

C

In its motion to clarify, DynCorp, does not challenge Manuel's fraudulent inducement claim on any other basis except that the complaint fails to plead fraud with the specificity that Rule 9(b) requires. The court therefore limits its analysis of this claim to DynCorp's

challenge and does not address whether Manuel's complaint sufficiently alleges the required elements of a fraudulent inducement claim. *See Stanissis II*, 2015 WL 9478184, at \*16 ("'To state a claim under Texas law for fraudulent inducement, a plaintiff must allege all of the elements of fraud as well as 'an underlying contract which was induced.'" (quoting *DT Apartment Grp., LP v. CWCapital, LLC*, 2012 WL 6693192, at \*8 (N.D. Tex. Dec. 26, 2012) (Fitzwater, C.J.))). The court has already held that Manuel's complaint satisfies 9(b) with respect to the first alleged misrepresentation. Accordingly, DynCorp's motion to dismiss Manuel's fraudulent inducement claim on the ground that Manuel has not satisfied Rule 9(b) is denied to the extent that Manuel relies on the first alleged misrepresentation, and it is granted to the extent that he relies on any other alleged misrepresentation.

IV

Although the court is granting in part DynCorp's motion to dismiss, it will permit Manuel to replead his claims for fraud and fraudulent inducement, as well as any other claim except those dismissed with prejudge by today's decision. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (citation omitted). Accordingly, the court grants Manuel leave to file an amended complaint within 28 days of the date this memorandum opinion and order is filed.

\*   \*   \*

For the reasons explained, DynCorp's motion to clarify is denied, and DynCorp's motion to dismiss with respect to Manuel's complaint under Rules 9(b) and 12(b)(6) is granted in part and denied in part.

**SO ORDERED**.

August 5, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE